In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-1385

MICHAEL PARISH,

*Plaintiff-Appellant*,

*v.*

CITY OF CHICAGO et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 08 C 3148—**John W. Darrah**, *Judge*.

ARGUED OCTOBER 14, 2009—DECIDED NOVEMBER 10, 2009
PUBLISHED FEBRUARY 3, 2010[*]

Before COFFEY, EVANS and WILLIAMS, *Circuit Judges*.

COFFEY, *Circuit Judge*.    Michael Parish appeals the
January 14, 2009 dismissal of his 42 U.S.C. § 1983 claim
asserting a Fourth Amendment violation for malicious

---

[*] This decision was originally released as an unpublished
order. Upon request, the panel has determined that this
decision should now issue as a published opinion.

prosecution. In response to the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), Parish conceded that the dismissal was proper because Seventh Circuit precedent does not permit an action for malicious prosecution under § 1983 if a state remedy exists. *See Newsome v. McCabe,* 256 F.3d 747, 751 (7th Cir. 2001) (holding that the tort of malicious prosecution should be analyzed under the procedural due process clause and that the existence of a tort claim under state law "knocks out any constitutional tort of malicious prosecution, because [the] due process of law is afforded by the opportunity to pursue a claim in state court . . . "). Furthermore, Illinois law provides a state remedy for malicious prosecution. *See Swick v. Liautaud,* 662 N.E.2d 1238, 1242 (Ill. 1996). Parish argues on appeal that *Newsome* is ripe for reconsideration. We disagree.

We review *de novo* whether a complaint states a claim on which relief can be granted, accepting as true all well-pleaded facts and drawing all inferences in favor of the appellant. *See Bielanski v. County of Kane,* 550 F.3d 632, 633 (7th Cir. 2008). Parish's pleadings were at best minimal and we learn that he was charged with a criminal offense in May 2005 and placed in custody, and he remained in confinement until he was acquitted of a June 2007 criminal murder offense. After Parish's acquittal, on June 1, 2008, he filed suit against the City of Chicago and five detectives from the Chicago Police Department for malicious prosecution in violation of the Fourth Amendment and Illinois tort law. Parish also claimed without offering any documented evidence

in support thereof that the detectives persuaded witnesses to provide false statements implicating him, prepared false police reports, suppressed exculpatory evidence, and fabricated evidence. Additionally, Parish sought the reversal of the present case law in the Seventh Circuit rejecting the existence of a federal claim in the nature of malicious prosecution. The defendants filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and Parish conceded that *Newsome v. McCabe,* 256 F.3d 747 foreclosed his lawsuit at the district court level and the trial judge granted the defendants' motion to dismiss.

The sole argument that Parish makes on appeal is that we should overrule *Newsome* in light of a Supreme Court comment made in footnote 2 of *Wallace v. Kato*, 549 U.S. 384, 390 n.2 (2007) that the Supreme Court has "never explored the contours of a Fourth Amendment malicious prosecution suit under § 1983 . . . and we do not do so here." Parish somehow asserts that this statement requires us to reevaluate our circuit precedent and that we should allow a federal claim for malicious prosecution under the Fourth Amendment. In *Newsome,* the plaintiff spent 15 years in prison for his murder conviction before an Illinois court proceeding vacated his conviction. *Newsome,* 256 F.3d at 748-49. After the State's Attorney declined to put him on trial a second time, the governor of Illinois pardoned him. *Id.* at 749. He then sued a number of police officers under section 1983 for what was labeled as malicious prosecution based on the police officers' failure to alert prosecutors to evidence of his innocence, because the statute of limitations for a wrongful arrest and detention claim had

passed twenty years earlier. *Id*. We held that the tort of malicious prosecution should be analyzed under the procedural due process clause and that the existence of a tort claim under state law does away with "any constitutional tort of malicious prosecution, because [the] due process of law is afforded by the opportunity to pursue a claim in state court. . . ." *Id.* at 751. To support this conclusion, we adopted the concurring opinion authored by Justice Kennedy and joined by Justice Thomas in *Albright v. Oliver*, which reasoned that when analyzing a malicious prosecution claim "[i]n the ordinary case where an injury has been caused not by a state law, policy, or procedure, but by a random and unauthorized act that can be remedied by state law, there is no basis for intervention under § 1983, at least in a suit based on 'the Due Process Clause of the Fourteenth Amendment simpliciter.' " 510 U.S. 266, 285 (1994) (Kennedy, J., joined by Thomas J., concurring) (quoting *Parratt v. Taylor,* 451 U.S. 527, 536 (1981)).

We recently rejected Parish's argument that the footnote statement made in *Wallace* requires us to revisit our holding in *Newsome. See Johnson v. Saville,* 575 F.3d 656, 663 (7th Cir. 2009). In *Johnson,* the plaintiff filed a malicious prosecution suit against the investigating officer after he was found not guilty of criminal sexual assault in an Illinois state court. *Id.* at 657. After the defendants were granted summary judgment in the trial court, the court also determined that the plaintiff had forfeited a Fourth Amendment malicious prosecution claim by failing to develop it in his summary judgment brief. *Id.* at 659. Johnson argued that his forfei-

ture should be excused because the footnote statement made in *Wallace* was an intervening change of law that undermined *Newsome*'s rationale. *Id.* at 663. But on appeal we concluded that "[t]his footnote statement on what the Court hasn't decided does not require us to reexamine circuit precedent." *Id.* Thus, *Johnson* squarely disposes of Parish's argument that the footnote referred to in *Wallace* requires us to revisit circuit precedent. Furthermore, in *Johnson* we noted that *Newsome* did not necessarily foreclose a federal claim under section 1983: "We held in that case that the 'due process clause' does not support the constitutional tort of malicious prosecution if state law provides a parallel remedy" but "left open the possibility of a Fourth Amendment claim against officers who misrepresent evidence to prosecutors, provided that the statute of limitations for such a claim has not expired." *Id*.

Parish asserts a malicious prosecution claim under the Fourth Amendment under the mistaken belief that a *Brady*-type due process claim is barred by acquittal. The Fourth Amendment claim is in fact, not the only avenue for Parish to obtain a remedy. *Newsome* recognized a "due process claim in the original sense of that phrase [that] he did not receive a fair trial if the prosecutors withheld material exculpatory [evidence.]" *Newsome*, 256 F.3d at 752 (citing *Brady v. Maryland,* 373 U.S. 83 (1963)). In order to establish the elements of a *Brady*-type due process claim, a plaintiff must demonstrate that "(1) the evidence at issue is favorable to the accused, either being exculpatory or impeaching; (2) the evidence must have been suppressed by the government, either willfully or

inadvertently; and (3) there is a reasonable probability that prejudice ensued. . . ." *Carvajal v. Dominguez*, 542 F.3d 561, 566-67 (7th Cir. 2008). When determining whether there is a reasonable probability of prejudice, "[t]he question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995). Although we have expressed doubts about whether a defendant who has been acquitted can establish prejudice, in previous cases, we have analyzed potential claims in order to determine if the decision to go to trial would have been altered by the suppressed evidence. *See Bielanski*, 550 F.3d at 644-45; *Carvajal*, 542 F.3d at 569. Thus, Parish may still have had a *Brady*-type due process claim after he was acquitted, if (as he alleges) prompt disclosure of the suppressed evidence would have altered the prosecution's decision to proceed to trial. "[I]f a plaintiff can establish a violation of the fourth (or any other) amendment there is nothing but confusion gained by calling the legal theory 'malicious prosecution.'" *Newsome*, 256 F.3d at 751. But Parish has explicitly limited his appeal to asking us to overrule *Newsome* and we see no reason to overturn circuit precedent.

We AFFIRM the judgment of the District Court.