In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3719

NONA RAY,

*Plaintiff-Appellant*,

*v.*

CITY OF CHICAGO AND CHICAGO POLICE
OFFICER MALINOWSKI #7028,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 08 CV 7274—**James B. Zagel**, *Judge.*

ARGUED SEPTEMBER 16, 2010—DECIDED JANUARY 5, 2011

Before CUDAHY, ROVNER and EVANS, *Circuit Judges*.

CUDAHY, *Circuit Judge.* In October 2008, Malinowski, a police officer, stopped Nona Ray for operating a motor vehicle at night without headlights. During this stop, Malinowski and his partner discovered a package containing controlled substances within Ray's car. The officers arrested Ray and took her to a nearby police station, where she was detained for several hours before being charged with possession of a controlled

substance and subsequently released. Ray later filed suit against the City of Chicago and police officer Malinowski, alleging that their actions violated the Constitution's prohibition on unreasonable seizures and deprived her of her rights to due process and equal protection under the law.

The district court dismissed Ray's claims for failure to allege facts sufficient to support a finding that her constitutional rights had been violated. We affirm.

## I. Background

On October 17, 2008, Malinowski observed Ray operating an automobile at night without its headlights turned on. Malinowski and his partner pulled Ray over, instructing Ray and her passenger to leave the vehicle. Shortly thereafter, Malinowski or his partner discovered a plastic bag containing what they believed to be cocaine inside Ray's car. The officers placed Ray under arrest and took her to a nearby police station, where she was eventually charged with possession of a controlled substance. The exact length of Ray's detention is unclear, however the parties' pleadings agree that Ray was detained for several hours. The criminal charge against Ray for possession was dropped at her first court appearance.

Pursuant to Section 7-24-225 of the Municipal Code of Chicago, Malinowski impounded Ray's vehicle following her arrest. Section 7-24-225 of the Code provides that, when arresting individuals for possession of a con-

trolled substance in a motor vehicle, police officers "shall provide for the towing of the vehicle to a facility controlled by the city" and that "the owner of record of any motor vehicle that contains any controlled substance . . . shall be liable to the city for an administrative penalty . . . plus any applicable towing and storage fees."

On November 19, 2008, Ray contested the seizure of her vehicle at a proceeding before the City of Chicago's Department of Administrative Hearings (DOAH). She argued that she had been unaware that there were drugs in her car, that the drugs did not belong to her and, hence, that she should not have to pay the statutory fine or the costs associated with impounding her vehicle. The City's counsel argued that the ordinance imposed strict liability on the owners of vehicles that contain controlled substances. At the conclusion of the proceeding, the hearing officer agreed with the City's interpretation of the ordinance and entered a finding ordering Ray to pay $2,180 in fees and costs.

On December 12, 2008, Ray filed a complaint against the City of Chicago and Officer Malinowski in the U.S. District Court for the Northern District of Illinois. Ray's complaint alleged that she was deprived of rights secured by the Fourth and Fourteenth Amendments. It also included a supplemental state claim seeking administrative review of the DOAH's finding, as well as a challenge to the constitutionality of the ordinance.

On October 7, 2009, the district court granted defendants' Rule 12(b)(6) Motion to Dismiss. The district court

found that Ray's complaint failed to allege facts sufficient to support any of her claims for relief. Ray currently appeals from the district court's dismissal of her claims.

## II. Discussion

We apply the *de novo* standard when reviewing a district court's determination that a plaintiff has failed to state a claim for which relief can be granted, accepting as true all well-pleaded allegations and drawing all reasonable inferences in the plaintiff's favor. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). However, we "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Complaints need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief" that is "sufficient to provide the defendant with fair notice of the claim and its basis." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). While the federal pleading standard is quite forgiving, our recent decisions have emphasized that "the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009)).

Ray contends that the district court erred when it dismissed her complaint. Our review of the district court's

decision is somewhat complicated by the vague and inarticulate claims for relief that are set forth in Ray's complaint and the variety of ways that her counsel has interpreted these claims over time. Yet, because we find that Ray has failed to plead facts that are sufficient to support any of the claims she could have plausibly meant to assert, we affirm the district court's judgment.

### A. Claims Based on Ray's Arrest and Post-Arrest Detention

Ray's complaint appears to allege that the police violated her Fourth Amendment rights when they arrested and detained her. On appeal, Ray has clarified the bases of her claim, arguing (1) that her arrest constituted an illegal seizure because the police officers lacked probable cause to believe that she was guilty of possessing a controlled substance and (2) that the officers detained her for an unreasonably long period of time after arresting her.

The district court did not err in dismissing Ray's arrest-related claim. Where a police officer "has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). This is true even if the minor criminal offense is a traffic offense. *United States v. Childs*, 277 F.3d 947, 953 (7th Cir. 2002) (*en banc*). So long as a police officer has probable cause to believe that a person has committed a crime, then it is not constitutionally relevant whether "the

person was arrested on . . . charges for which there was no probable cause." *Holmes v. City of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007). Ray has conceded that she committed a traffic violation in the presence of Malinowski and his partner. Under *Atwater* and *Childs*, this provided the police with all of the probable cause they needed to arrest Ray without violating the Fourth Amendment. *See Atwater*, 532 U.S. at 324-25.

The district court's dismissal of Ray's post-arrest detention claim was also proper. Ray is correct in asserting that the law does not grant police officers *carte blanche* after issuing a traffic citation to detain a motorist to investigate other possible criminal activity. *United States v. Figueroa-Espana*, 511 F.3d 696, 702-03 (7th Cir. 2007); *United States v. Finke*, 85 F.3d 1275 (7th Cir. 1996). Indeed, we have held that in such situations the police are required to release individuals "as soon as the officers have assured themselves that no skullduggery is afoot." *Childs*, 277 F.3d at 952. The rules are considerably different, however, when police officers actually *arrest* an individual—such individuals "need *not* be released as quickly as possible." *Id.* at 952. A person arrested without a warrant may be held prior to a judicial determination of probable cause for a "brief period" to carry out "the administrative steps incident to arrest." *Chortek v. City of Milwaukee*, 356 F.3d 740, 746 (7th Cir. 2004) (citing *Gerstein v. Pugh*, 420 U.S. 103, 113-14 (1975)). When considering this issue in a case presenting analogous facts, we held that detention times ranging from three to fourteen and one-half hours were not constitutionally unreasonable absent

any evidence that the delay in releasing the arrested individuals was motivated by an improper purpose. *Chortek*, 356 F.3d at 747-48. Because Ray has not alleged that the length of her detention exceeded this time frame or that it was the result of illicit motives, she has failed to state a claim for which we can grant relief.

**B. Claims Based on Ray's Allegedly Malicious Prosecution**

Ray's complaint contains a claim that could be interpreted to include an allegation that Defendants violated her Fourth and Fourteenth Amendment rights by causing her to be charged with possession of a controlled substance. On appeal, Ray has argued that her complaint states that the police planted the drugs that provided the basis for Ray's possession charge and, hence, that it alleges facts sufficient to support a malicious prosecution tort claim.

The district court decision to dismiss this claim was correct. Federal courts are rarely the appropriate forum for malicious prosecution claims. We have previously stated that individuals do not have a "federal right not to be summoned into court and prosecuted without probable cause, under either the Fourth Amendment or the Fourteenth Amendment's Procedural Due Process Clause." *Tully v. Barada*, 599 F.3d 591, 594 (7th Cir. 2010). *See also Bielanski*, 550 F.3d at 638-42 ("[T]he interest in not being prosecuted groundlessly is not an interest that the Fourth Amendment protects.") (internal citations omitted). While we have also held that we will allow

individuals to bring Section 1983 malicious prosecution suits when the relevant state's law does not provide them with a way to pursue such claims, *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001), Illinois law recognizes tort claims for malicious prosecution. *See Swick v. Linutard*, 662 N.E.2d 1238, 1242 (Ill. 1996). Hence, it was appropriate for the district court to refuse to hear Ray's claims and conclude that the appropriate venue for her claims is Illinois state court.

On appeal, Ray has attempted to recast the malicious prosecution claim set forth in her complaint as a *Brady* claim, but even if she had originally presented the district court with a *Brady* claim, it too would have been properly dismissed. Ever since the Supreme Court's decision in *Brady v. Maryland*, 373 U.S. 83 (1963), we have permitted individuals to file Section 1983 suits alleging that they have been denied a fair trial because the state has failed to provide them with access to material exculpatory evidence. *See Newsome*, 256 F.3d at 752. Ray has failed to identify a single instance, however, where we have allowed such suits when the individual is merely charged with a crime, but never fully prosecuted. *See, e.g., Garcia v. City of Chicago*, 24 F.3d 966, 971-72 (7th Cir. 1994) (holding that there was no basis for a *Brady* claim where the charges against an individual were *nolle prossed*); *Pope v. City of Chicago*, No. 08-c-4715, 2009 WL 811625, at *3 (N.D. Ill. Mar. 24, 2009) ("The rule against bringing malicious prosecution claims . . . cannot be avoided by mischaracterizing malicious prosecution claims based on providing false information . . . as *Brady* violations for failing to disclose that the information is

false.") (citing *Gauger v. Hendle*, 349 F.3d 354, 360 (7th Cir. 2003)). Because Ray concedes that the charges against her were dropped at her first post-arrest court appearance, her claim falls outside of the exception recognized in *Brady*. As Ray has not identified any other exception that would save her from the general bar against malicious prosecution claims, we are left to conclude that the district court was correct in finding her claim to be irreparably flawed.

## C. Claims Concerning Section 7-24-225 of the Municipal Code of Chicago

Finally, Ray's complaint asserts a supplemental state claim, pursuant to Illinois' Administrative Review Act, 735 ILCS 5/301 *et seq.* (2010), seeking review of the DOAH's finding that Ray was liable under Section 7-24-225 of the Municipal Code of Chicago. Ray has argued that her claim also includes a direct challenge to the constitutionality of the ordinance. On appeal, Ray raises only one argument concerning the district court's ruling. She contends that we should reverse the district court's ruling because the court inappropriately considered materials outside of the complaint—a transcript of the DOAH hearing—when deciding whether to dismiss her claims.

Ray's argument suffers from several problems. First, it is well established that district courts may take judicial notice of certain documents—including records of administrative actions—when deciding motions to dismiss. *See, e.g., Fornalik v. Perryman*, 223 F.3d 523, 529 (7th Cir. 2000);

*Gen. Elec. Cap. Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Hence, even if the district court had relied on the hearing transcript when deciding whether it should dismiss Ray's claim, it is not apparent that its actions would have constituted error. Second, a review of the district court's opinion establishes that its decision was not based on the transcript, but on Ray's failure to plead "facts to support her allegation[s] that the challenged ordinance is unconstitutional . . . [and that] the finding of the Dept. of Administrative Hearings is arbitrary, unreasonable, and against the manifest weight." Because the district court's decision to dismiss Ray's claim was based on deficiencies that it found in her complaint and her only argument on appeal focuses exclusively on issues related to the transcript, she has failed to identify grounds for reversal. Finally, our own independent assessment of the sufficiency of Ray's complaint leads us to the same conclusion as the district court. The complaint simply does not contain allegations of fact sufficient to support Ray's claims that DOAH's findings were arbitrary or that the ordinance is unconstitutional.

### III. Conclusion

For all of the reasons set forth above, the ruling of the district court is

AFFIRMED.