NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 19, 2012[*]
Decided September 26, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-1547

| | |
|---|---|
| KAY KIM,<br>    *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:08-cv-1644-TWP-DML |
| LAURA RITTER, et al.,<br>    *Defendants-Appellees.* | Tanya Walton Pratt,<br>*Judge.* |

**O R D E R**

Kay Kim sued several of her neighbors, a handful of Indianapolis police officers, and state prosecutors in Indiana for civil-rights and fair-housing violations. She sought to amend the complaint to add claims against court employees and her homeowners' association as well. The district court dismissed the complaint for failure to state a claim and denied leave to amend the complaint. Because we conclude that Kim has not stated any valid legal claims, we affirm the district court's judgment.

---

[*]Only some of the appellees have participated in this appeal. After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Kim alleges that her neighbors swore at her, disparaged her, vandalized her home and car, and called animal control to complain about her. She asserts that when she called the police about her neighbors, she was informed that the problems were not criminal in nature, and when she contacted her homeowners' association, they characterized her complaints as unfounded. The problems with her neighbors escalated, culminating in Kim allegedly hitting and spitting on some of them, a battery for which the police arrested her and prosecutors pursued charges (of which she was later acquitted). Kim later asked to amend her complaint to join as defendants her homeowners' association and some state court employees. She alleges that the court employees with whom she interacted when she was prosecuted for battery lied about not receiving her filings and that they twice sent her out of the courthouse while she was trying to file submissions with the clerk's office. She did not include any additional allegations against her homeowners' association.

Each of the defendants moved to dismiss the complaint. In response Kim added further details about how police responded to her neighbors' accusation that she had hit and spit on them: As Officer Gregory Wilkes approached her, she began to retreat to her apartment, attempting to shut him out. He grabbed her, threw her to the ground in the hallway, put his knee on her back, and handcuffed her.

In a series of orders, the district court dismissed the complaint against all of the defendants, reasoning that the allegations were conclusory and implausible, and therefore that they failed to state any claim. The court also denied Kim's request to amend the complaint to add defendants because she did not make plausible allegations that the proposed defendants violated her rights. On appeal, Kim argues generally that her complaint should not have been dismissed and that she should have been allowed to amend her complaint to join the additional defendants.

Kim has not stated a claim that Wilkes used excessive force when he arrested her for battery. Making an arrest necessitates the use of some physical coercion. *Graham v. Connor*, 490 U.S. 386, 396 (1989). That coercion is excessive when a police officer uses force that is greater than reasonably necessary to make the arrest. *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 519 (7th Cir. 2012). Although Kim did not make any factual allegations that supported this claim in her complaint, this court may also look to the allegations in Kim's responses to the defendants' motions to dismiss and in her brief that are consistent with her complaint. *Smith v. Knox County Jail*, 666 F.3d 1037, 1039 (7th Cir. 2012); *Smith v. Boyle*, 144 F.3d 1060, 1064 (7th Cir. 1998). In her responses and briefs, Kim alleges that when she attempted to flee from an approaching officer, he immobilized her on the ground with his knee and handcuffs. This modest use of force to prevent flight from an arrest is not excessive, and her allegations do not allow us to infer that Wilkes is liable. *See Catlin v. City of Wheaton*, 574 F.3d 361, 366–68 (7th Cir. 2009) (concluding that tackling and putting knee on person's back

is reasonable if person physically resists or flees arrest); *Estate of Phillips v. City of Milwaukee*, 123 F.3d 586, 593 (7th Cir. 1997) (concluding that restraining person in prone position is reasonable if person resists arrest).

Kim has also failed to state claims under the Fair Housing Act and Civil Rights Act against her neighbors. Under both of these acts, to state claims that her neighbors conspired to force her to move out of her condominium because of her race, she needs to contend that the defendants' actions were racially motivated. 42 U.S.C. §§ 1981, 1982, 1985(3), 3604(a), (b), 3617; *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010); *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002); *Morris v. Office Max*, 89 F.3d 411, 413–14 (7th Cir. 1996). But she does not argue that her race influenced them or can explain the acrimonious relationships with her neighbors. Accordingly, these claims fail.

For similar reasons, Kim has failed to state a claim for a violation of the Equal Protection Clause against the police defendants under either a race-based or class-of-one theory. To state a claim for race-based discrimination, Kim needs to assert that the police discriminated against her because of her race. *Finch v. Peterson*, 622 F.3d 725, 728 (7th Cir. 2010); *Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 262 (7th Cir. 1999). The only specific allegation that she makes against the police about race, however, is that one police officer asked about her national origin. But she does not contend that the answer (if she gave one) affected their behavior toward her. So that claim fails. Likewise, for a claim of class-of-one discrimination, the police must have treated Kim differently for either a bad reason or for no reason. *Sung Park v. Ind. Univ. Sch. of Dentistry*, 2012 U.S. App. LEXIS 18380, at *12 (7th Cir. Aug. 30, 2012); *Del Marcelle v. Brown Cnty. Corp.*, 680 F.3d 887, 899 (7th Cir. 2012) (Posner, J., lead opinion); *Del Marcelle*, 680 F.3d at 913 (Wood, J., dissenting). But Kim has pleaded herself out of court on this claim because she contends that the police officers arrested her in response to her neighbors' accusation that she hit and spit on them. This was a legitimate reason—probable cause—for the arrest. *Wagner v. Washington County*, 493 F.3d 833, 836 (7th Cir. 2007); *Askew v. City of Chicago*, 440 F.3d 894, 895 (7th Cir. 2006). And the presence of probable cause means that Kim also did not state a claim for false arrest. *Id.*

Next, Kim has not stated a claim for malicious prosecution against state prosecutors. Because Indiana law recognizes a tort for malicious prosecution, § 1983 does not provide Kim a federal remedy for prosecution without probable cause. *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011); *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001). In any case, she alleges that several of her neighbors testified for the state that she had hit them and spit on them, thereby providing the prosecutor with probable cause.

Finally, the district court did not abuse its discretion by denying Kim's motion to amend her complaint. A court may refuse to allow a complaint to be amended if amendment would be futile, such as where a proposed amended complaint could not survive a motion to dismiss. *Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 823 (7th Cir. 2011); *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). That is the case here. Her allegations against the homeowners' association went no further than the deficient allegations that she lodged against her neighbors in her initial complaint. And her allegations about the court employees suggest that she believes that they denied her meaningful access to the courts. But to state this claim Kim was required to allege that the employees' actions prejudiced her case, which she failed to do. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009).

AFFIRMED.