NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 29, 2013[*]
Decided August 29, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-2504

| | |
|---|---|
| GREGORY GORDON,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>MIKE MILLER, *et al.*,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Western District of Wisconsin.<br><br>No. 11-cv-22-wmc<br><br>William M. Conley,<br>*Chief Judge*. |

**O R D E R**

Gregory Gordon, a Wisconsin prisoner, appeals the dismissal of his complaint under 42 U.S.C. § 1983 alleging that the defendants unlawfully arrested and prosecuted him. He contends that his arrest and prosecution were unlawful because he did not

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

commit the offense, for which he was arrested and convicted, of operating a vehicle under the influence of an intoxicant. Because a judgment in Gordon's favor would impugn the validity of that conviction, we affirm.

At the pleading stage we assume the truth of Gordon's allegations. *See Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). The first set of allegations describe the arrest, which occurred in October 2007. Officer Mike Miller came to the parking lot of the Isla Vista Casino in Red Cliff, Wisconsin, to respond to a report from security guards that Gordon had been drinking and drove his red pickup truck into a Cadillac. Based on the guards' report, Officer Miller arrested Gordon for operating a vehicle while intoxicated, *see* WIS. STAT. § 346.63(1)(a), and criminal damage to property, *see id*. § 943.01(1). Gordon insists that he never drove the pickup, and for that reason he should not have been arrested; he maintains instead that the truck rolled into the Cadillac on its own. En route to the station for booking, according to Officer Miller, Gordon kicked out one of his squad car's back windows, leading to another charge of criminal damage to property. Gordon insists that he damaged the car only accidentally.

The charges led to two trials, the subject of Gordon's second set of allegations. At the trial on the charge of operating a vehicle while intoxicated, Gordon was convicted. At a second trial covering the two property-damage charges, Gordon was convicted of one count of criminal damage to property for kicking out the squad car window, but acquitted of the other charge based on the car collision. Gordon asserts that the government prosecuted him at both trials by withholding exculpatory evidence and using falsified evidence to suggest, incorrectly, that he drove the pickup truck while intoxicated. Specifically, Gordon alleges that Officer Miller testified falsely that Gordon drove the pickup into the Cadillac while intoxicated and that this collision was accurately recorded on the casino's video surveillance system. Gordon also contends that the audio-recording of Officer Miller's conversation with dispatch and an unaltered version of the casino's security footage, evidence withheld from him, would have proven him innocent. Gordon appears also to allege that he was denied this evidence, at least in part, because he is a Native American.

After allowing Gordon an opportunity to amend his complaint to clarify his claim about his status as an American Indian, the district court dismissed the case. The court concluded that, because he intends to prove his false-arrest claim by maintaining that he is innocent of the charge of driving while intoxicated, Gordon's false-arrest claim is foreclosed by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *Heck* bars any suit under § 1983 where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction" unless the conviction has already been invalidated. Construing some

of Gordon's claims as also alleging malicious prosecution, the court relied on *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001), to rule that Wisconsin's tort of malicious prosecution forecloses any constitutional claim under § 1983. Finally, the court ruled that Gordon's allegations that he was treated differently because he is a Native American did not comply with Federal Rule of Civil Procedure 8.

On appeal Gordon contends that, because he was acquitted of the count charging him with criminal damage to the Cadillac, *Heck* does not bar his claims that he was unlawfully arrested and prosecuted on that charge. But Gordon was convicted of driving the pickup while intoxicated. Although under *Heck* this conviction would not necessarily bar a claim that the police lacked probable cause to arrest him, *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007), Gordon does not attack the arrest by focusing on an absence of probable cause. Instead, he insists that the arrest and prosecutions were wrongful because he never drove the pickup truck at all, a showing he says he was prevented from making at his criminal trials. But if he proves in this case that he did not drive the pickup truck, that proof would necessarily impugn the validity of the conviction that he did drive the pickup while intoxicated. When a plaintiff "makes allegations that are inconsistent with [his] conviction's having been valid, *Heck* kicks in and bars his civil suit." *McCann v. Neilsen*, 466 F.3d 619, 621–22 (7th Cir. 2006) (internal citation and quotation marks omitted); *see also Moore v. Mahone*, 652 F.3d 722, 723–25 (7th Cir. 2011); *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) *Cunningham v. Gates*, 312 F.3d 1148, 1154 (9th Cir. 2002). Because prevailing on his assertion that he never drove the pickup would undermine his outstanding conviction on the charge that he drove it while intoxicated, the case is barred by *Heck.*

Gordon's claims should have been dismissed without prejudice, however, so that he can pursue them if his convictions are ever invalidated. *See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011). The district court correctly observed that, *Heck* to one side, the availability of Wisconsin's tort for malicious prosecution forecloses a federal claim under § 1983 that the defendants maliciously launched a prosecution. *See Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011); *Newsome*, 256 F.3d at 750–51. But if Gordon's remaining convictions are invalidated, he may pursue "a due process claim in the original sense of that phrase—he did not receive a fair trial if the prosecutors withheld material exculpatory details." *Newsome,* 256 F.3d at 752 (citing *Brady v. Maryland*, 373 U.S. 83 (1963)).

We have considered Gordon's remaining contentions and all are without merit.

Accordingly, we **AFFIRM** but we **MODIFY** the judgment so that Gordon's claims are dismissed without prejudice.