NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 16, 2014
Decided January 28, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-1581

| | |
|---|---|
| ELIJAH MANUEL, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v*. | |
| | No. 13 C 3022 |
| CITY OF JOLIET, et al., | |
|     *Defendants-Appellees*. | Milton I. Shadur, |
| | *Judge*. |

**O R D E R**

Elijah Manuel appeals the dismissal of his complaint under 42 U.S.C. § 1983 alleging that the City of Joliet and several of its police officers maliciously prosecuted him when they falsified the results of drug tests and then arrested him for possession with intent to distribute ecstasy. The district court dismissed his claim as foreclosed by *Newsome v. McCabe*, 256 F.3d 747, 750–52 (7th Cir. 2001), because Illinois law already provided an adequate remedy for malicious prosecution. Manuel asks this court to reconsider *Newsome* but offers no compelling reason to do so. We affirm.

Manuel alleged the following in connection with his arrest on March 18, 2011 for possession with intent to distribute ecstasy. On that day he was a passenger in his car

being driven by his brother when they were stopped for failing to signal. A police officer detected an odor of burnt cannabis from inside the car. Without warning, the officer flung open the passenger's door and dragged Manuel out. The officer pushed Manuel to the ground, handcuffed him, and then punched and kicked him. The officer then patted down Manuel, and in one pocket found a bottle of pills. The pills were then tested by officers who had arrived at the scene, and these officers falsified the results to show that the pills were ecstasy. Based on these results, Manuel was arrested. In grand jury proceedings on March 31, the police continued to lie about the test results.

But according to a lab report of April 1, 2011, that Manuel submitted with his complaint, the pills were not ecstasy. Yet Manuel was arraigned on April 8, 2011, and not for more than a month—until May 4, 2011—did the Assistant State's Attorney seek dismissal of the charges. Manuel was released the next day. Because of his incarceration, Manuel missed work and his college classes, forcing him to drop courses he already paid for.

On April 10, 2013, Manuel sued the City of Joliet and various City of Joliet police officers alleging malicious prosecution because of the falsified drug tests and other civil rights claims that stemmed from his arrest (unreasonable search and seizure, excessive force, violation of due process rights, conspiracy to deprive constitutional rights, unreasonable detention, failure to intervene, and denial of equal protection of laws).

The court dismissed most of the § 1983 claims as time-barred because they fell outside the two-year statute of limitations. As for the malicious-prosecution claim—which was not time-barred because the statute of limitations did not begin tolling until May 4, 2011, when the underlying proceedings were terminated in Manuel's favor—the court treated it as barred under *Newsome* because Illinois law provided an adequate remedy.

On appeal Manuel challenges only the dismissal of his malicious-prosecution claim and argues that the claim, as one in which the police misrepresented evidence, fits into an area of law that *Newsome* did not foreclose. He invokes *Johnson v. Saville,* 576 F.3d 656, 663 (7th Cir. 2009), in which we stated that "*Newsome* left open the possibility of a Fourth Amendment claim against officers who misrepresent evidence to prosecutors."

*Newsome* held that federal claims of malicious prosecution are founded on the right to due process, not the Fourth Amendment, and thus there is no malicious

prosecution claim under federal law if, as here, state law provides a similar cause of action. *Newsome*, 256 F.3d at 750–51; *see Julian v. Hanna*, 732 F.3d 842, 845–46 (7th Cir. 2013). *Newsome* did not preclude Fourth Amendment claims generally, but we have cautioned that "there is nothing but confusion gained by calling [a] legal theory [brought under the Fourth or any other amendment] 'malicious prosecution.'" *Parish v. City of Chicago*, 594 F.3d 551, 554 (7th Cir. 2009) (quoting *Newsome*, 256 F.3d at 751) (internal quotation omitted); s*ee also McCullach v. Gadert*, 344 F.3d 655, 659 (7th Cir. 2003) (recognizing a Fourth Amendment wrongful-arrest claim against an officer who allegedly gave false information in an incident report and at a preliminary hearing). As the district court noted, any Fourth Amendment claim that Manuel might bring is time-barred. Fourth Amendment claims are typically "limited up to the point of arraignment," after which it becomes a malicious prosecution claim. *Bielanski v. County of Kane*, 550 F.3d 632, 638 (7th Cir. 2008). Thus if Manuel has a Fourth Amendment claim not barred by *Newsome,* it would have stemmed from his arrest on March 18, 2011, which he would have had to challenge within two years, *see* 735 ILCS 5/13-202, but he did not sue until April 10, 2013. And in any event, Manuel has no Fourth Amendment right to be free from groundless prosecution. *Bielanski*, 550 F.3d at 638; *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011).

Next Manuel argues that we should reconsider our holding in *Newsome* and recognize a federal claim for malicious prosecution under the Fourth Amendment regardless of the available state remedy. By his count, ten other circuits have recognized federal malicious-prosecution claims under the Fourth Amendment—assuming that the plaintiff has been seized in the course of the malicious prosecution. *See Julian v. Hanna*, 732 F.3d 842, 846 (7th Cir. 2013) (collecting cases); *Hernandez-Cuevas v. Taylor*, 723 F.3d 91, 98–99 (1st Cir. 2013) ("there is now broad consensus among the circuits that the Fourth Amendment right to be free from seizure but upon probable cause extends through the pretrial period.")

Manuel does not provide a compelling reason to overrule our precedent. *See United States v. Reyes-Hernandez*, 624 F.3d 405, 412 (7th Cir. 2010) (setting forth standard for overturning circuit precedent); *United States v. Corner*, 598 F.3d 411, 414 (7th Cir. 2010). As we stated in our most recent endorsement of *Newsome's* rationale: "When, after the arrest or seizure, a person is not let go when he should be, the Fourth Amendment gives way to the due process clause as a basis for challenging his detention." *Llovet*, 761 F.3d at 764. While Manuel's counsel advanced a strong argument, given the position we have consistently taken in upholding *Newsome*, s*ee*

*Llovet v. City of Chicago*, 761 F.3d 759, 760 (7th Cir. 2014); *Ray*, 629 F.3d at 664; *Parish*, 594 F.3d at 554, Manuel's argument is better left for the Supreme Court.

Manuel tries to distinguish *Llovet* on grounds that he was arrested without probable cause and incarcerated for seven weeks. Although *Llovet* is largely about the theory of "continuing seizures" and thus distinguishable from Manuel's facts, we said in that case that "once detention by reason of arrest turns into detention by reason of arraignment…the Fourth Amendment falls out of the picture and the detainee's claim that the detention is improper becomes a claim of malicious prosecution violative of due process." 761 F.3d at 763. Only if state law fails to provide an adequate remedy can a plaintiff pursue a federal due process claim for malicious prosecution, *id.* at 764; c*f. Julian*, 732 F.3d at 846 (Indiana did not have an adequate remedy for malicious-prosecution claim), and Illinois has an adequate remedy. *Ray*, 629 F.3d at 664.

AFFIRMED.