NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 18, 2015[*]
Decided July 23, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-2709

| | |
|---|---|
| BERNARD WILLIAMS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 13-cv-0495-MJR-SCW |
| | |
| RANDY DAVIS and SEAN FURLOW, | Michael J. Reagan, |
| *Defendants-Appellees*. | *Chief Judge*. |

**O R D E R**

Bernard Williams, an Illinois prisoner, appeals from the dismissal of his suit under 42 U.S.C. § 1983 alleging that two prison officials retaliated against him when they referred him for criminal prosecution after he fought with a guard. We affirm.

As alleged in his complaint, Williams was punched in the head while waiting in line for lunch at the Pinckneyville Correctional Center. When an officer approached him,

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

he "inadverte[nt]ly hip checked" the officer "to the ground three times," a maneuver that Williams describes as a Jiu-Jitsu judo throw. Williams was charged with assaulting the officer and disobeying the officer's order to stop fighting. He was found guilty of the charges after a prison disciplinary hearing.

A month later Williams told Sean Furlow, an internal affairs officer at the prison, that he intended to sue the officer who had conducted his disciplinary hearing for denying him due process. Furlow responded by threatening to refer Williams for criminal prosecution for his altercation with the officer. One month later Williams told Randy Davis, then the warden of Pinckneyville, of his intent to sue, and Davis in turn threatened to have Williams prosecuted. Davis then sent a letter to the Perry County state's attorney referring Williams's case for possible criminal prosecution of aggravated battery. One year later Williams was charged in state court with aggravated battery and resisting a peace officer, both charges relating to the lunchroom fight.

Williams sued Furlow and Davis for malicious prosecution and retaliation, among other claims. At screening, *see* 28 U.S.C. § 1915A, the district court dismissed Williams's malicious-prosecution claim as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because, the court explained, the criminal proceedings had not been resolved in Williams's favor. The court permitted Williams to proceed on a claim of retaliation. Williams twice asked the court to recruit counsel based on the complexity of his claim but the court denied both requests because he did not provide any evidence that he had attempted to hire counsel.

The district court dismissed Williams's complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2). The court explained that it had initially construed Williams's claim as one of "straight retaliation," but now understood him to be alleging retaliatory prosecution, which requires plaintiffs to allege the absence of probable cause. Relying on *Hartman v. Moore*, 547 U.S. 250 (2006), the court concluded that Williams could not state a claim of retaliatory prosecution because his allegation of hip checking an officer "unequivocally" reflected that the prosecutor had probable cause to bring charges based on this incident.

A month later Williams filed a "Motion to Reinstate," maintaining that he had stated a viable claim by suing prison officials (not the prosecutor) for prompting a criminal prosecution against him. He also attached a state-court judgment reflecting that he was convicted only of resisting a police officer and not, as also charged, aggravated battery. The court construed the submission as a Rule 59(e) motion and denied it,

repeating that Williams had not pleaded the lack of probable cause for the battery charge against him. The court also denied Williams's third motion to appoint counsel.

On appeal Williams argues that the district court erred in dismissing his malicious-prosecution claim at screening because, he maintains, the state-court judgment shows that the aggravated battery charge was dropped. Nevertheless, because Illinois law provides an adequate remedy, his malicious-prosecution claim is foreclosed. *See Avila v. Pappas*, 591 F.3d 552, 553–54 (7th Cir. 2010); *Parish v. City of Chicago*, 594 F.3d 551, 553 (7th Cir. 2009); *Newsome v. McCabe*, 256 F.3d 747, 750–51 (7th Cir. 2001).

Next, Williams contends that the district court improperly dismissed his retaliatory prosecution claim because the fact that he was not convicted of aggravated battery proves that probable cause was lacking. But this misapprehends the basis of retaliatory prosecution. Whether a person is convicted of a crime is irrelevant to the inquiry; to state a retaliatory prosecution claim, a plaintiff must allege that probable cause did not support the underlying charge. *See Reichle v. Howards*, 132 S. Ct. 2088, 2095 (2012); *Hartman*, 547 U.S. at 265–66 (plaintiff asserting a *Bivens* or § 1983 claim that he was prosecuted for exercising First Amendment rights must plead and prove absence of probable cause for underlying charge to sustain retaliatory prosecution claim); *Williams v. City of Carl Junction, Mo.*, 480 F.3d 871, 877 n.4 (8th Cir. 2007) ("Application of *Hartman* to defeat a plaintiff's claim does not require that a charge lead to a conviction, but merely that the charge be supported by probable cause."). As the district court pointed out, Williams's admission in his complaint that he slammed a guard to the ground three times supported a reasonable belief that an aggravated battery had been committed. *See* 720 ILCS 5/12-3 (2012) (defining battery as knowingly or intentionally causing bodily harm or making insulting physical contact); 720 ILCS 5/12-4(b)(18) (2012) (elevating to aggravated status a battery committed against Illinois official); *Chelios v. Heavener*, 520 F.3d 678, 686 (7th Cir. 2008) (probable cause to arrest for aggravated battery if plaintiff made contact with police officer). Furthermore, as shown by the state-court judgment attached to the postjudgment motion, Williams's conviction for resisting a peace officer forecloses any allegation that that charge was not supported by probable cause. *See Thayer v. Chiczewski*, 705 F.3d 237, 246 (7th Cir. 2012); *Purvis v. Oest*, 614 F.3d 713, 723 (7th Cir. 2010).

Williams also argues that the district court erred by denying his requests for recruitment of counsel because, he says, he did not understand the legal complexities of his claim, and few resources were available to him at the prison library. But the court did not abuse its discretion in denying his requests, given that he did not provide evidence

that he tried to hire counsel until after the suit had been dismissed. *See Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

AFFIRMED.