**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1149
_____

ARMONI MASUD JOHNSON,
Appellant

v.

WALTER KOEHLER; CHRISTOPHER O'BRIEN; CHRISTOPHER LAMB; JUDGE
PIERANTONI; JUDGE AUGELLO; JUDGE BROWN; MATTHEW KELLY;
CHARLES ROSS; MARK SINGER; OFFICE OF THE DISTRICT ATTORNEY OF
LUZERNE COUNTY; STEPHANIE SALAVANTIS; F. MCCABE; MARY PHILLIPS;
CLERK OF COURTS OF LUZERNE COUNTY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-14-cv-01490)
District Judge: Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 3, 2018
Before: JORDAN, SHWARTZ, and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 9, 2018)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Armoni Johnson appeals the District Court's order dismissing his complaint. For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In a complaint that he supplemented several times, Johnson raised a variety of claims under 42 U.S.C. § 1983 challenging aspects of his four Pennsylvania state criminal cases.[1] The centerpiece of his complaint was the allegation that three Pennsylvania State Troopers had entrapped him into selling heroin by using a confidential informant—an individual that Johnson had previously assaulted—to make the purchase. He also alleged that three judges violated his rights during his criminal cases, that the prosecutors in his cases violated his constitutional rights in charging him and maliciously prosecuting him, that his public and appointed defenders abandoned him and conspired to secure his conviction, and that the prosecutors and state troopers violated his rights under Brady and suborned perjury. Finally, he claimed that other defendants had lost his property in prison. He sought to be released from prison and to be awarded money damages.

---

[1] Johnson referred to the following criminal actions: (a) CP-40-CR-0002193-2010, in which he was convicted of possession of a controlled substance and sentenced to 50 days to one year of imprisonment; (b) CP-40-CR-0002713-2011, in which he was convicted of aggravated assault and sentenced to five-and-a-half to 13 years of imprisonment; (c) CP-40-CR-0000117-2012, in which he was convicted of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance and sentenced to 18 to 90 months of imprisonment; and (d) CP-40-CR-2553-2012, in which the prosecutor nolle prossed several controlled-substance charges.

In a thorough and well-reasoned opinion, the District Court dismissed the majority of Johnson's claims and stayed the remainder pending trial in one of the cases, CP-40-CR-2553-2012. Once that criminal case was resolved, the District Court reopened this case, and a Magistrate Judge recommended that the District Court dismiss Johnson's remaining claims. The District Court approved and adopted the report and recommendation. Johnson filed a motion under Fed. R. Civ. P. 59(e), which the District Court denied, and Johnson then filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal order, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and review the denial of a motion for reconsideration for abuse of discretion, see Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

We agree with the District Court's analysis of this case. As the District Court explained, Johnson's § 1983 claims against the various judges fail because "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam); see also Stump v. Sparkman, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."). Likewise, because Johnson's claims against the prosecutors all concern their conduct "in initiating a prosecution and in presenting the State's case," their absolute immunity bars these claims. Imbler v. Pachtman, 424 U.S. 409, 431 (1976).

The District Court also correctly dismissed Johnson's claims against his attorneys. To state a claim under § 1983, a plaintiff "must establish that she was deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (emphasis added). Johnson's defense attorneys do not qualify. See Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999).

As to Johnson's claim that his due process rights were violated when his property was lost in prison, the claim fails because he was provided with an adequate post-deprivation remedy through the prison's grievance program and state law. See Hudson v. Palmer, 468 U.S. 517, 533-35 (1984); Tillman v. Lebanon Cty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000).

Johnson's claims against the state troopers also lack merit. While he asserts Brady claims concerning the troopers' alleged failure to disclose information about the confidential informant's criminal record, he attached those records to his filing in this case in February 2015—more than a year before his criminal action was nolle prossed. Thus, the troopers unquestionably knew that Johnson had this material in his possession well before trial was scheduled, and Johnson cannot show that his Brady rights were violated. See Dennis v. Sec'y, Pa, Dep't of Corr., 834 F.3d 263, 292 (3d Cir. 2016) (en banc); United States v. Starusko, 729 F.2d 256, 262 (3d Cir. 1984); see also Ray v. City of Chicago, 629 F.3d 660, 664 (7th Cir. 2011).

4

Further, as the District Court explained, Johnson cannot show that the troopers selectively enforced the controlled-substance laws by pursuing criminal charges against him but not the confidential informant. The confidential informant's cooperation with the troopers prevents him from being "similarly situated" to Johnson. See Karns v. Shanahan, 879 F.3d 504, 520-21 (3d Cir. 2018); United States v. Parker, 462 F.3d 273, 278 (3d Cir. 2006). Moreover, "[w]hile entrapment may be a proper defense in a criminal action, a police officer's participation in such activity does not constitute a constitutional violation." Jones v. Bombeck, 375 F.2d 737, 738 (3d Cir. 1967) (per curiam); see also DiBlasio v. City of New York, 102 F.3d 654, 656–57 (2d Cir. 1996).

To the extent that Johnson alleges that the state troopers suborned perjury, his allegations are entirely undeveloped and conclusory, and he has therefore failed "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Lambert v. Blackwell, 387 F.3d 210, 242 (3d Cir. 2004) (listing elements of use-of-perjured-testimony claim). The same is true of his conspiracy allegations, which fail to provide "plausible grounds to infer an agreement." Twombly, 550 U.S. at 556.[2]

---

[2] It appears that Johnson intended to assert a malicious-prosecution claim against only the prosecutors. To the extent that he intended to assert such a claim against the state troopers, it fails because he has not shown that the prosecution was initiated without probable cause. See Goodwin v. Conway, 836 F.3d 321, 329 (3d Cir. 2016). To the contrary, Johnson does not dispute that he sold heroin to the confidential informant. While he argues that he was "entrapped," we have explained that "mere solicitation by the government, without more, is not 'inducement'" for purposes of an entrapment defense, United States v. Wright, 921 F.2d 42, 45 (3d Cir. 1990), and, in any event, "probable cause to arrest is not necessarily negated by a defendant's successful assertion at trial of an entrapment defense," Humphrey v. Staszak, 148 F.3d 719, 724 (7th Cir.

Finally, in his Rule 59(e) motion, Johnson did not identify any error of fact or law in the District Court's dismissal order, and the Court therefore did not err in denying that motion.  See generally Max's Seafood Cafe ex rel. Lou–Ann, 176 F.3d at 677.[3]

Accordingly, we will summarily affirm the District Court's judgment.  Johnson's motion for appointment of standby counsel is denied.

---

1998).  Based on all the circumstances present here, we conclude that Johnson did not adequately plead that his prosecution was commenced without probable cause. Moreover, to the extent that Johnson challenges the validity of his state convictions, a civil rights action is not an appropriate vehicle to challenge his conviction and sentence. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

[3] We are satisfied, especially in light of Johnson's failure to provide more detail before this Court, that the District Court did not err when it did not give Johnson leave to amend. See generally Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).