9 F.3d 96
 27 Fed.R.Serv.3d 1110
 John C. PRUETT, Plaintiff-Appellee,
v.
CHOCTAW COUNTY, ALA.; Choctaw County Commission, Defendants,
Dandy W. Brown, individually and in his official capacity as
County Commissioner of Choctaw County, Alabama; Otis
Crowell, individually and in his official capacity as County
Commissioner of Choctaw County, Alabama; Joe Gibson,
individually and in his official capacity as County
Commissioner of Choctaw County, Alabama; Defendants-Appellants.
John C. PRUETT, Plaintiff-Appellee,
v.
CHOCTAW COUNTY, ALABAMA; Choctaw County Commission; Dandy
W. Brown, individually and in his official capacity as
County Commissioner of Choctaw County, Alabama; Otis
Crowell, individually and in his official capacity as County
Commissioner of Choctaw County, Alabama; Joe Gibson,
individually and in his official capacity as County
Commissioner of Choctaw County, Alabama, Defendants-Appellants.
 Nos. 93-6083, 93-6093.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 13, 1993.
 
 Joseph C. McCorquodale, III, Jacqualyn M. Sheffield, Jackson, AL, for defendants-appellants in No. 93-6083.
 Webb & Eley, Kendrick E. Webb, Mary E. Pilcher, Bart Harmon, Montgomery, AL, for defendants-appellants in No. 93-6093.
 Simon, Wood & Crane, James C. Wood, J. Randall Crane, Mobile, AL, for plaintiff-appellee.
 Appeals from the United States District Court for the Southern District of Alabama.
 Before TJOFLAT, Chief Judge, BIRCH, Circuit Judge, and HENDERSON, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In this case, a former employee of Choctaw County, Alabama, seeks money damages under 42 U.S.C. Sec. 1983 (1988), from the County, the County Commission, and three County Commissioners, individually and in their official capacity. On December 1, 1992, the district court denied the Commissioners' motion for summary judgment which sought dismissal of the employee's claims on the grounds of legislative and qualified immunity. On December 23, 1992, the Commissioners moved the district court to reconsider its denial of summary judgment. On December 28, 1992, the district court denied their motion. The question now before us is whether the district court's denial of the motion to reconsider constitutes an appealable order.[1]
 
 
 2
 In deciding whether the denial of the Commissioners' motion to reconsider is an appealable order, we must determine whether that denial, in its own right, is the equivalent of an order refusing to grant summary judgment on legislative and qualified immunity grounds. We conclude that it is not. In denying the Commissioners' motion to reconsider, the district court did not engage in a review of the record or take any other steps indicating that it had reopened the immunity issue and had again denied the Commissioners summary judgment. Rather, the district court determined that there was no cause to revisit its previously entered order, and it therefore refused to re-examine that prior ruling. Moreover, the very style of the motion itself, "Motion to Reconsider," suggests that this motion was not a renewed motion for summary judgment.[2]
 
 
 3
 Because there is no appealable order before us, we dismiss this appeal.[3]
 
 
 4
 IT IS SO ORDERED.
 
 BIRCH, Circuit Judge, specially concurring:
 
 5
 I concur in the judgment.
 
 
 
 [1]
 The Commissioners could have appealed the district court's December 1, 1992 order denying summary judgment within the thirty-day period provided for by Fed.R.App.P. 4(a)(1)
 
 
 [2]
 The Commissioners suggest that their motion to reconsider should be treated as tolling the time for appealing the December 1, 1992 order denying summary judgment. Fed.R.App.P. 4(a)(4) lists the post-trial motions which are capable of tolling the time to file a notice of appeal: (i) a motion for a judgment notwithstanding the verdict; (ii) a motion under Fed.R.Civ.P. 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion were granted; (iii) a motion under Fed.R.Civ.P. 59 to alter or amend the judgment; or (iv) a motion for a new trial. All of these post-trial motions are from final judgments. In the case before us, there is no final judgment, and thus Rule 4(a)(4) cannot apply. Moreover, even if Rule 4(a)(4) were applicable, it would be of no avail to the Commissioners since their motion, filed more than ten days after the district court denied their December 1, 1992 motion, was untimely. As we have stated previously, an untimely post-trial motion will not toll the running of the time for notice of appeal. Pinion v. Dow Chemical, U.S.A., 928 F.2d 1522, 1525 (11th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 438, 116 L.Ed.2d 457 (1991)
 
 
 [3]
 We note in passing that our action today does not preclude the Commissioners from renewing their motion for summary judgment in the event that the record demonstrates that they are immune from suit, or from appealing an order denying such motion