269 F.3d 155 (2nd Cir. 2001)
 STELLA HODGE, BY HER PERSONAL GUARDIAN, DARLENE SKIFF, PLAINTIFF-APPELLEE,
DARLENE L. SKIFF, THIRD-PARTY DEFENDANT-APPELLEE,
v.
ROBERT D. HODGE, ALSO KNOWN AS DONALD R. HODGE, DEFENDANT/THIRD-PARTY PLAINTIFF-APPELLANT,
JIM J. AUSTIN, DEFENDANT.
 Docket No. 00-9435
August Term, 2000
 UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
 Submitted: June 18, 2001
Decided: October 17, 2001
 
 Robert D. Hodge, Mexico Beach, Fl, on submission, pro se.
 Kevin A. Luibrand, Tobin & Dempf, Albany, Ny, on submission, for appellees.
 Before: Jacobs, Parker, and Sotomayor, Circuit Judges.
 Per Curiam.
 
 
 1
 Following a jury trial in this diversity action before the United States District Court for the Northern District of New York (McAvoy, J.), plaintiff-appellee Stella Hodge was awarded judgment on her claims of fraud and conversion against defendant-appellant Robert D. Hodge in the amount of $288,750. The jury also found in favor of third-party defendant-appellee Skiff on defendant's third-party claim for conversion. Judgment was entered on October 13, 2000; however, defendant was referred to in the judgment as "Donald Hodge."[1] Following a letter from plaintiff's counsel on October 18 to the Clerk of the Court, the judgment was amended to reflect defendant's correct name, and the "amended judgment" was entered on October 20, 2000.
 
 
 2
 On November 2, 2000, defendant Robert Hodge, proceeding pro se, filed in the district court both (1) a notice of appeal from the judgment and (2) a motion for judgment as a matter of law or, in the alternative, for a new trial. The clerk of the district court sent defendant a letter that same day acknowledging receipt of both filings and informing him that "since you have filed an Appeal in this action, the Second Circuit Court will now have jurisdiction over this case. Therefore, the Motion you have filed with our Court will be held in abeyance pending a decision from the Second Circuit on your Appeal."
 
 
 3
 On December 26, 2000, defendant filed his pro se appellant's brief on the merits with this Court. On March 26, 2001, counsel for plaintiff Stella Hodge and third-party defendant Skiff[2] wrote a letter to the Court stating that, because the motion for judgment as a matter of law was timely filed below, "respondent [sic] will not be submitting a brief at this time, and requests that this Court dismiss this appeal as premature because there is no final order from the District Court." We construe this letter as a motion to dismiss the appeal.
 
 
 4
 Fed. R. App. P. 4(a)(4) governs the effect of postjudgment motions on a notice of appeal. Although normally a party in a civil case has thirty days from entry of judgment in the district court to file the notice of appeal, the timely filing of any of the postjudgment motions listed in Rule 4(a)(4)(A) resets the clock until the district court enters an order disposing of the last such remaining motion, at which point a new thirty-day period begins. Where, as here, the notice of appeal is filed prior to the disposition of a postjudgment motion, the notice of appeal "becomes effective" only upon the district court's disposition of all timely postjudgment motions. Fed. R. App. P. 4(a)(4)(B)(i).
 
 
 5
 Here, defendant filed a motion for judgment as a matter of law or, in the alternative, for a new trial. Though not denominated as such in his pro se motion, this is a motion filed pursuant to Fed. R. Civ. P. 50(b), which is listed in Fed. R. App. P. 4(a)(4)(A)(i) as one of the motions whose filing postpones the time to file the appeal (or, as here, postpones the effectiveness of the notice of appeal) - provided, of course, that the motion was timely filed.
 
 
 6
 A Rule 50(b) motion must be filed within ten days of entry of judgment in order to be timely, and, importantly, the district court is expressly forbidden from extending this time. Fed. R. Civ. P. 6(b). Defendant's motion was indeed filed within ten days of entry of the second, "amended" judgment, but it was not filed within ten days of the original judgment.[3] Thus, the timeliness of his motion -- and hence the current effectiveness of the notice of appeal -- turns on whether the amendment of the judgment to reflect defendant's correct name gave defendant a new ten-day period within which to file his motion. We hold that it did not.[4]
 
 
 7
 Under the Federal Rules of Civil Procedure, there are three types of motions by which a judgment may be amended (as opposed to set aside): (1) a motion to "alter or amend a judgment" under Fed. R. Civ. P. 59(e); (2) a motion to correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission" under Fed. R. Civ. P. 60(a); and (3) a motion for relief from the judgment under Fed. R. Civ. P. 60(b). A motion under Rule 60(a) is available only to correct a judgment "for the purpose of reflecting accurately a decision that the court actually made." Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir. 1995); accord Paddington Partners v. Bouchard, 34 F.3d 1132, 1140 (2d Cir. 1994) ("To be correctable under Rule 60(a), the [alleged error] in a judgment must fail to reflect the actual intention of the court."); 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2854 (2d ed. 1995) ("[A] motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced."). The request of plaintiff's counsel to correct the October 13 judgment to reflect the defendant's correct name was clearly a motion under Rule 60(a). See Fluoro Elec. Corp. v. Branford Assocs., 489 F.2d 320, 325-26 (2d Cir. 1973) (holding it proper for district court to correct party misnomer under Rule 60(a)).
 
 
 8
 Although this Court has never squarely addressed the question of whether a Rule 60(a) motion extends the time for filing postjudgment motions, those courts that have done so hold that it does not. See Cornist v. Richland Parish Sch. Bd., 479 F.2d 37, 39 (5th Cir. 1973); Paciorek v. Mich. Consol. Gas. Co., 179 F.R.D. 216, 218 (E.D. Mich. 1998); Leonen v. Johns-Manville Corp., Civ. No. 82-2684, 1988 WL 125853, at *3 (D.N.J. Nov. 23, 1988). Moreover, this Court (along with every other to have considered the matter) has held the analogous proposition that a motion under Rule 60(a) does not start anew the time for filing a notice of appeal. See Cody, Inc. v. Town of Woodbury, 179 F.3d 52, 55 (2d Cir. 1999) ("[W]hen a second judgment in a case does not differ from the first judgment in matters affecting the substantive rights of the parties, the time to appeal runs from the first judgment."); Farkas v. Rumore, 101 F.3d 20, 22 (2d Cir. 1996) (holding to same effect). As the parties' respective rights and obligations have been finally and actually determined at the time of the initial judgment in both situations, a consistent rule is appropriate.
 
 
 9
 Therefore, we hold that when a judgment is corrected under Fed. R. Civ. P. 60(a), the time for filing postjudgment motions runs from the date of entry of the first judgment, not the second. Accordingly, the defendant's Rule 50(b) motion below was untimely and his notice of appeal was effective when filed. The motion to dismiss the appeal is therefore denied. The clerk of the court is directed to set a briefing schedule for the merits of the appeal and, as the parties have agreed to waive oral argument, to submit the case to a new panel.
 
 
 
 NOTES:
 
 
 [1]
 Defendant apparently had gone by his middle name, Donald, for most of his adult life.
 
 
 [2]
 Although counsel's letter does not make it completely clear, the Court assumes that, as in the proceedings below, counsel is representing both appellees, plaintiff Stella Hodge and third-party defendant Skiff. Counsel is requested to clarify this point either by letter to the Court or in its briefing on the merits.
 
 
 [3]
 Excluding weekends and holidays as per Fed. R. Civ. P. 6(a), ten days from entry of the first judgment expired at the end of the day on October 27, 2000; ten days from entry of the second judgment expired at the end of the day on November 3.
 
 
 [4]
 We pause to remind the clerks of the district courts that the filing of a notice of appeal does not divest the district court of jurisdiction to decide any of the postjudgment motions listed in Fed. R. App. P. 4(a)(4)(A), if timely filed. On the contrary, the notice of appeal must be held in abeyance by this Court until all such motions are disposed of, at which point the notice of appeal becomes effective. Therefore, the November 2 letter by the district court clerk to defendant holding his Rule 50(b) motion in abeyance pending appeal was in error. (Under Rule 4(a)(4)(B), appellees' motion to dismiss the appeal was also inappropriate and a motion to hold the appeal in abeyance was warranted instead.) If the district court's disposition of those motions results in alterations to the judgment, an amended notice of appeal must be filed if appeal from the amended judgment is desired. No additional filing fee is required for this amended notice. Fed. R. App. P. 4(a)(4)(B).