In the

# United States Court of Appeals

### For the Seventh Circuit

No. 01-3532

CHESTER FLORIAN and KENNETH ROLFE,

*Plaintiffs-Appellants,*

v.

SEQUA CORPORATION, JIM BOYLE, and
   UNITED STEELWORKERS OF AMERICA, LOCAL 3911,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 7459—**Joan B. Gottschall**, *Judge.*

ARGUED MAY 22, 2002—DECIDED MAY 22, 2002*—
OPINION JUNE 21, 2002

Before POSNER, KANNE, and WILLIAMS, *Circuit Judges.*

PER CURIAM.  This is a procedurally botched appeal; we are publishing our decision in an effort to head off a repetition of the problem that gave rise to the botch. The underlying suit is by two employees of the defendant corporation and charges the corporation and the union that represents

_____

* By oral direction from the bench.

the employees with violation of the collective bargaining agreement and of the union's duty of fair representation, respectively, and also and critically with violations of state law. The district court entered judgment in favor of the defendants. Within 10 days, the plaintiffs filed a motion to reconsider so much of the judgment as dismissed the state law claims. That was a motion governed by Fed. R. Civ. P. 59(e) and thus technically a motion to alter or amend the judgment; its mislabeling as a motion for reconsideration was without significance. Although the motion was filed in September of last year, the district court has yet to rule on it.

In their docketing statement filed in this court in October shortly after the filing of the notice of appeal in the district court, the plaintiffs asserted that this court had jurisdiction of the appeal. They noted the pending motion to reconsider and added that they were "not appealing" the decision dismissing their state law claims and "are appealing an issue not involved in" the motion to reconsider. This should have raised a warning flag to the members of this court's staff who screen appeals for jurisdiction, but it did not, and the case proceeded to briefing. The appellants filed their brief in January. The jurisdictional statement in their brief simply repeats the relevant portion of the docketing statement. The appellees woke up at last and the following month moved this court to stay the appeal pending the district court's disposition of the motion to reconsider. They pointed out that a notice of appeal filed before the district court rules on a Rule 59(e) motion does not take effect until the motion is disposed of. Fed. R. App. P. 4(a)(4)(A)(iv), (B)(i). Until then the appeal is suspended—dormant—unripe. *Otis v. City of Chicago*, 29 F.3d 1159, 1166 (7th Cir. 1994) (en banc); *United Computer Systems, Inc. v. AT & T Corp.*, No. 00-55768, 2002 WL 1088549, at *3 (9th Cir. May 21, 2002); *Miles v. General Motors Corp.*, 262 F.3d 720, 722-23 (8th Cir. 2001); *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1034

(D.C. Cir. 2000); Committee Note to 1993 Amendment of Rule 4. Yet on February 20, a motions panel of this court, without explanation, denied the motion for a stay. This was a mistake. As there was no suggestion of an emergency, further briefing should have been held in abeyance until and unless the motion to reconsider was ruled on by the district court. See *Hodge v. Hodge*, 269 F.3d 155, 157 n. 4 (2d Cir. 2001) (per curiam).

The appellees duly filed their briefs, stating that there was no appellate jurisdiction as yet. The appellants filed no reply brief. Oral argument was scheduled. When the briefs were distributed to this panel (the merits panel), the presiding judge, noticing the denial of jurisdiction in the appellees' brief, asked a member of the court's staff to tell the appellants' lawyer to submit a letter to the court responding to the appellees' jurisdictional statement. The lawyer, it turned out, was on vacation in Florida and informed us that, being a sole practitioner, he could not respond until he returned to Chicago the evening of the second day before the scheduled argument. He submitted a brief response the following day, that is, the day before the argument, in which he stated that he had informed the appellees' counsel, after reading the motion to stay the appeal many months earlier, that "I do not quarrel with the rather plain language of Rule 4(a)(4)(A). I told him then, and still feel now that if this Honorable Court granted the [appellees' motion to stay the appeal] and ruled that it did not have jurisdiction until [the district judge] ruled on Plaintiffs' motion for reconsideration then so be it."

At argument the next day, when asked whether we had jurisdiction to decide the appeal, he readily conceded that we did not, as did the lawyers for the appellees; but one of the latter suggested that since the case had been argued and the lawyers for both sides were present for the argument,

we should hear argument on the merits and, as soon as we acquired jurisdiction, decide the merits. That was not a good suggestion. The district court's ruling might moot the appeal, or create additional appealable issues; in the first case the argument would have been a waste of time, and in the second we would be considering the appeal piecemeal.

We acknowledge our own error in failing to stay the appeal; but the appellants' lawyer is equally culpable. His assertion in the docketing statement, repeated in his appeal brief, that there was jurisdiction to decide the appeal was false (we can't decide an appeal before the notice of appeal becomes effective), and obviously so, since there is nothing subtle or esoteric about the provisions of Rule 4(a)(4), which suspend the notice of appeal—if one of the motions specified in the rule, including a motion under Fed. R. Civ. P. 59(3), remains unresolved in the district court—until it is resolved. When the appellees pointed this out in their motion for a stay of the appeal and later in their appeal brief, the appellants' lawyer should have responded and indicated to us that they were correct, so that the case would have been removed from the argument calendar. In these circumstances we have thought it appropriate to dismiss the appeal as a sanction. Should a new appeal be filed upon the district judge's ruling on the motion to reconsider, it will return to this panel.

A true Copy:

      Teste:

                    _____

                    *Clerk of the United States Court of*
                    *Appeals for the Seventh Circuit*