**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2017*
Decided November 9, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

Nos. 16-3255 & 16-3559

| | |
|---|---|
| DAVID M. JOHNSON, | Appeals from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
|   *v.* | |
| | No. 16 CV 1182 |
| LYNETTE THOMPSON-SMITH, et al., | |
|     *Defendants-Appellees*. | Thomas M. Durkin, *Judge*. |

### O R D E R

David Johnson appeals the dismissal with prejudice of his complaint under 42 U.S.C. § 1983, which alleges that he was deprived of a hearing before the Illinois Workers' Compensation Commission in violation of several federal constitutional rights.

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C).

Because absolute immunity protects each defendant from claims that the administrative adjudication violated Johnson's rights, we affirm.

Johnson worked as a full-time driver for Melton Truck Lines. He alleges that while on the job, he injured his hand and could not work anymore as a truck driver. In July 2013, he brought a workers' compensation claim against Melton. The Commission appointed arbitrator Lynette Thompson-Smith to the contested case. It is not clear what occurred in the case until January 2015, when Melton moved to set a trial date or, alternatively, to dismiss Johnson's case for lack of jurisdiction. We can take judicial notice of Thompson-Smith's order. See *Ray v. City of Chicago*, 629 F.3d 660, 665 (7th Cir. 2011). The order shows that she dismissed the case on September 22, 2015, for want of prosecution after Johnson had missed a status hearing and his trial date. There is no indication whether Johnson ever filed a petition to reinstate his case. He did not seek judicial review in the state courts.

Instead, Johnson filed this lawsuit alleging that Thompson-Smith refused to give him a hearing and thus violated his federal constitutional rights to both procedural and substantive due process of law, as well as his rights under the Takings Clause and the Contracts Clause. Johnson also claimed that two senior Commission officials, Ronald Rascia and William Blumthal, failed to train and supervise Thompson-Smith adequately or failed to intervene to prevent her from mishandling his claim and denying him a hearing. The defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), and the district judge granted the motion. The judge held that Thompson-Smith had absolute judicial immunity, that the two more senior officials had qualified immunity, and that Johnson did not plead a plausible claim that he was deprived of any constitutional right. Because the judge could not "conceive of how any amendment could render the defendants liable under the circumstances of this case," he did not let Johnson amend his complaint and dismissed the action with prejudice. *Johnson v. Thompson-Smith*, 203 F. Supp. 3d 895 (N.D. Ill. 2016).

We must first consider our appellate jurisdiction. Johnson filed a timely notice of appeal following the district court's final order of dismissal, giving this court jurisdiction to review that decision in appeal 16-3255. Fed. R. App. P. 4(a)(1)(A). After filing that notice of appeal, however, Johnson moved for leave to amend his complaint. On September 19, 2016, the district court denied that motion because the case was already on appeal. Nine days later Johnson filed a second notice of appeal, which was identical to the first and made no mention of the denial of his motion to amend. We ordered supplemental briefing about whether we should dismiss the second appeal, 16-3559, either for lack of jurisdiction or because it is unnecessary. After receiving those briefs we

consolidated the two appeals and directed the parties to discuss in their appellate briefs our jurisdiction over the second appeal "in light of appellant's failure to identify that order in [his] 'amended' notice of appeal."

Johnson does not discuss jurisdiction in his brief. The appellees maintain that there is jurisdiction over the second appeal because it would be overly formalistic, especially given the timing of the second notice of appeal, to require it to identify the order of September 19. This approach is consistent with our precedent, as long as the appellee is not prejudiced. See *Badger Pharmacal, Inc. v. Colgate-Palmolive Co.*, 1 F.3d 621, 625-626 (7th Cir. 1993); see also *Librizzi v. Children's Mem. Med. Ctr.*, 134 F.3d 1302, 1306 (7th Cir. 1998). So we would not dismiss the second appeal for lack of jurisdiction based upon the failure to designate expressly the order denying leave to amend.

But we do find the second appeal unnecessary. The district court recognized that it lacked jurisdiction to consider Johnson's motion for leave to amend his complaint under Rule 15(a) because he had already appealed the judgment. See *Asher v. Harrington*, 461 F.2d 890, 895 (7th Cir. 1972) (holding appeal of dismissal of original complaint divested district court of jurisdiction to consider motion for leave to file amended complaint); see also *Grube v. Lau Industries, Inc.*, 257 F.3d 723, 731 (7th Cir. 2001) ("[O]nce a notice of appeal is filed with the district court it is divested of jurisdiction over the case, and the appellate court assumes jurisdiction."). It would be different if the motion could have been construed reasonably as a motion for reconsideration under Federal Rule of Civil Procedure 59(e). See *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). In that situation, we would have stayed the first appeal pending resolution of the new motion, *Florian v. Sequa Corp.*, 294 F.3d 828, 830 (7th Cir. 2002), and then a ruling on the Rule 59 motion, which is not separately appealable, would have merged into the existing appeal. See *Martinez v. City of Chicago*, 499 F.3d 721, 727 (7th Cir. 2007). The district court did not view Johnson's motion that way, however, and based upon its plain language, neither do we. See *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 784 (7th Cir. 1994) ("district court did not err in declining to rule on the merits of [plaintiff]'s Rule 15(a) motion absent a prior Rule 59(e) or 60(b) motion to re-open judgment").

But the question whether Johnson should have been granted leave to amend is properly before this court anyway. The dismissal with prejudice "had the combined effect of dismissing the original complaint and of denying plaintiff[] leave to amend." *Asher*, 461 F.2d at 895. The first notice of appeal was enough to bring the amendment issue within our jurisdiction. The second appeal, no. 16-3559, is dismissed because it was unnecessary.

In any event, the jurisdictional discussion does not affect the ultimate result here. Whether Johnson should have been given leave to amend is within the scope of the first appeal. Johnson has not even mentioned that issue, let alone argued that the district court erred. He therefore waived the issue. See *Home Care Providers, Inc. v. Hemmelgarn*, 861 F.3d 615, 625 (7th Cir. 2017).

With jurisdiction secure, we move to the merits of the first appeal. Johnson's arguments do not persuade us that his original complaint stated a claim for relief against the defendants he sued. First, arbitrator Thompson-Smith's decision to dismiss Johnson's case was a judicial act protected by absolute immunity. See generally *Forrester v. White*, 484 U.S. 219, 227 (1988) (adopting functional test for acts protected by absolute immunity). Workers' compensation arbitrators in Illinois are not private arbitrators but administrative law judges who work for the state. See *Hagan v. Quinn*, 867 F.3d 816, 827–28 (7th Cir. 2017) (arbitrators hold policymaking jobs for purposes of First Amendment claims). Absolute judicial immunity extends to the judicial acts of such officials. See *Brunson v. Murray*, 843 F.3d 698, 712 (7th Cir. 2016) (collecting cases); see also *Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012) ("Parties who, although not judges, engage in adjudication such as … administrative tribunals … enjoy absolute immunity.").

Johnson cannot circumvent this protection by suing Rascia and Blumthal for failing to prevent Thompson-Smith from exercising her adjudicative power in a particular way (or for failing to train her or supervise her adequately in her duties as arbitrator). The underlying act was protected by absolute immunity, and Rascia and Blumthal cannot be held directly liable simply because their positions are not generally judicial in nature. See *Auriemma v. Montgomery*, 860 F.2d 273 (7th Cir. 1988) ("Absolute immunity is designed to protect the functions that particular government officials perform, not the government officials themselves."); *Juriss v. McGowan*, 957 F.2d 345, 348 (7th Cir. 1992) ("Absolute immunity is granted with an eye to the function performed by the sued official, not the status or identity of that official."). Nor can they be vicariously liable under § 1983. *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (no *respondeat superior* liability permitted under § 1983).

We need not address the merit or lack of merit in Johnson's constitutional theories, though we recognize how important fair and correct adjudication is for injured employees and their employers. The Illinois workers' compensation system, like the systems of other states, adjudicates a substantial volume of disputes between injured employees and their employers, and we assume the system is not infallible. Nevertheless, decisions by arbitrators are subject to review by the Workers' Compensation Commission and ultimately the state courts. See 820 ILCS 305/19. If a party believes an arbitrator has

erred in a particular case, that party should pursue those paths for review under state law, not bring a § 1983 suit based on alleged federal constitutional violations.

The judgment of the district court is AFFIRMED in appeal no. 16-3255. Appeal no. 16-3559 is DISMISSED as unnecessary.