# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-3422

_____

Felicia Stone and Jerome Stone,

*Plaintiffs - Appellants*,

v.

J & M Securities, LLC,

*Defendant - Appellee.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 20, 2022
Filed: December 19, 2022

_____

Before COLLOTON, WOLLMAN, and STRAS, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Felicia and Jerome Stone have appealed an order of the district court granting summary judgment for J&M Securities, LLC, in an action arising from disputes over debt collection. The district court concluded that the Stones lacked Article III standing to bring claims under federal law, and dismissed their claims under Missouri law on the merits.

Jerome Stone died while the appeal was pending. Felicia Stone has moved under Federal Rule of Appellate Procedure 43(a)(1) to substitute herself for Jerome. Rule 43 provides that "the decedent's personal representative may be substituted as a party." Felicia, however, asserts only that she is Jerome's surviving widow; she has not been appointed by a Missouri court as a fiduciary or personal representative of Jerome's estate. *See* Mo. Rev. Stat. §§ 537.010, 537.021.1. Accordingly, Felicia's motion to substitute is denied, and Jerome's appeal is dismissed. *See Aldossari ex rel. Aldossari v. Ripp*, 49 F.4th 236, 260-61 (3d Cir. 2022). We proceed with a discussion of Felicia's appeal.

The appeal is complicated by two actions of the district court after the entry of summary judgment. First, on the Stones' motion for reconsideration under Federal Rule of Civil Procedure 59(e), the court determined that it had erred in reaching the merits of the state-law claims once it ruled that the Stones lacked standing to bring their federal claims. The court thus entered an amended judgment and remanded the case to Missouri state court under 28 U.S.C. § 1447(c) "for lack of subject matter jurisdiction." Later, the court changed its mind, concluded that it had lacked jurisdiction to amend the judgment because the Stones had earlier filed a notice of appeal, and vacated the remand order. The court reinstated the original judgment dismissing the Stones' complaint with prejudice.

The Stones appealed the district court's reinstated order and judgment. As part of the appeal, Felicia contends that once the district court concluded that the Stones lacked standing to pursue their federal claims, the court should have remanded the case to state court. As explained, the district court agreed with this contention in its amended judgment, but then vacated that judgment on the view that it lacked jurisdiction to enter it. We conclude that the district court erred by vacating the amended judgment, and that the case should be remanded to state court.

The district court ultimately concluded that it lacked jurisdiction to enter an amended judgment because the Stones had filed a notice of appeal. Under Federal Rule of Appellate Procedure 4(a)(4)(A)(iv), however, the time to file an appeal does not run until the entry of an order disposing of a motion to alter or amend judgment under Civil Rule 59(e). Because the Stones filed their notice of appeal after the district court entered judgment, but before the court ruled on their pending motion under Rule 59(e), the notice of appeal did not become effective until the district court ruled on the motion. Fed. R. App. P. 4(a)(4)(B)(i). In this circumstance, "the notice of appeal lies dormant until the trial court disposes of the pending motion." *United States v. Duke*, 50 F.3d 571, 575 (8th Cir. 1995). Accordingly, the Stones' notice of appeal did not deprive the district court of jurisdiction to rule on their Rule 59(e) motion and to remand the case to state court.

Once the district court remanded the case to state court, the district court lacked authority to review its order. "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Although the limit on reviewability applies only to remands based on grounds specified in § 1447(c), *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345-46 (1976), this case involves a remand based on one of those grounds—subject matter jurisdiction. J&M Securities moved for summary judgment on the ground that the Stones lacked Article III standing. The district court accepted the argument after concluding that the Stones failed to show that they suffered a concrete injury. The court later remanded the case to state court on the ground that the federal court lacked subject matter jurisdiction. Therefore, § 1447(d) and its limit on reviewability applies, whether or not the district court's conclusion about subject matter jurisdiction was correct. *Thermtron Prods., Inc.*, 423 U.S. at 343.

Here, the district court reconsidered its own remand order before any appeal. Under the statute, however, the remand order is "not reviewable on appeal *or otherwise*." 28 U.S.C. § 1447(d) (emphasis added). "This language has been

-3-

universally construed to preclude not only appellate review but also reconsideration by the district court." *Seedman v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) (per curiam). We reach the same conclusion. The district court's review of its remand order was "otherwise" than review on appeal, and it was forbidden by § 1447(d).

For these reasons, we conclude that the district court mistakenly vacated its amended judgment and should not have reinstated its original judgment dismissing the Stones' complaint with prejudice. Once the district court—still properly vested with jurisdiction—entered an amended judgment and remanded the case to state court under 28 U.S.C. § 1447(c) based on a lack of subject matter jurisdiction, the remand order was not reviewable by the district court. We therefore vacate the district court's judgment of March 8, 2022. We remand the case to the district court with instructions to reinstate the amended judgment of January 26, 2022, as to the claims of Felicia Stone, and to return the case to Missouri state court.

_____