23-455-cv
*Kamdem-Ouaffo v. Balchem Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand twenty-four.

PRESENT:
BARRINGTON D. PARKER,
DENNY CHIN,
JOSEPH F. BIANCO,
*Circuit Judges*.

_____

RICKY KAMDEM-OUAFFO,

*Plaintiff-Appellant*,

v.                                                                23-455-cv

BALCHEM CORPORATION, GIDEON OENGA, IN PERSONAL CAPACITY AND IN CAPACITY WITH BALCHEM CORPORATION, BOB MINIGER, IN PERSONAL CAPACITY AND IN CAPACITY WITH BALCHEM CORPORATION, RENEE McCOMB, IN PERSONAL CAPACITY AND IN CAPACITY WITH BALCHEM CORPORATION, THEODORE HARRIS, CEO, IN PERSONAL CAPACITY AND IN CAPACITY WITH BALCHEM CORPORATION, JOHN KUEHNER, IN PERSONAL CAPACITY AND IN CAPACITY WITH BALCHEM CORPORATION, TRAVIS LARSEN, IN PERSONAL CAPACITY AND IN CAPACITY WITH BALCHEM CORPORATION, MICHAEL SEASTRICK, IN

PERSONAL CAPACITY AND IN CAPACITY
WITH BALCHEM CORPORATION,

                    *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:        Ricky Kamdem-Ouaffo, *pro se*, New
                                Brunswick, New Jersey.

FOR DEFENDANTS-APPELLEES:        Mary A. Smith, Jackson Lewis P.C., New York,
                                New York.


Appeal from post-judgment orders of the United States District Court for the Southern District of New York (Philip M. Halpern, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

This is the first of two appeals arising out of a dispute between Plaintiff-Appellant Ricky Kamdem-Ouaffo and Defendants-Appellees the Balchem Corporation and affiliated individuals (collectively, "Balchem").[1]  In this appeal, Kamdem-Ouaffo, proceeding *pro se*, appeals orders denying several of his post-judgment motions.  He also challenges the original March 2021 dismissal of his complaint as a sanction—the appeal from which we earlier dismissed as frivolous, *see* 2d Cir. 21-653, doc. 157—as well as other pre-judgment orders.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

---

[1]  The other appeal is *Kamdem-Ouaffo v. Balchem Corp.*, No. 23-458 (2d Cir.).

## I.    Scope of the Appeal

As an initial matter, this appeal is only timely as to certain of Kamdem-Ouaffo's post-judgment motions.   A notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."   Fed. R. App. P. 4(a)(1)(A).   The Court lacks jurisdiction over untimely appeals.   *See* 28 U.S.C. § 2107; *In re Am. Safety Indem. Co.*, 502 F.3d 70, 72 (2d Cir. 2007) (per curiam).

The only order of the district court that falls within thirty days of Kamdem-Ouaffo's notice of appeal, dated March 29, 2023, is the February 28, 2023 order denying his post-judgment motions under Rule 59(a)(2) (which the district court treated as filed under Rule 59(e)) and Rule 60(b)(4) (the "February 2023 Order").   Additionally, the subsequent orders of the district court, dated April 5, 2023 and April 13, 2023, denying his motion for recusal and motion for reconsideration of that denial, are subject to our review because Kamdem-Ouaffo timely amended his notice of appeal on April 28, 2023 to include them.   Our jurisdiction also extends to the order denying Kamdem-Ouaffo's earlier Rule 60 motion and awarding attorneys' fees to Balchem (the "April 2022 Order") because his Rule 59 motion was timely filed within twenty-eight days of the April 2022 Order.   *See* Fed. R. App. P. 4(a)(4)(A)(vi); *Weitzner v. Cynosure, Inc.*, 802 F.3d 307, 309 (2d Cir. 2015) (stating that Rule 4(a)(4)(A)(vi) allows "an appellant to toll th[e] 30-day time limit by filing a [timely] motion for reconsideration").

## II.    April 2022 Order

In its April 2022 Order, the district court denied Kamdem-Ouaffo's motion under Rule 60(a) and (b), which sought reconsideration of its judgment and certain pre-judgment orders, and calculated the total amount of attorneys' fees owed to the defendants.

3

### a. Attorneys' Fees Calculation

Kamdem-Ouaffo has abandoned any argument challenging the portion of the district court's order calculating the award of attorneys' fees by failing to raise any argument as to it in his opening brief before this court.  *See Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (concluding that a *pro se* litigant forfeited a challenge to the district court's adverse ruling mentioned only "obliquely and in passing" in his opening brief).

### b. Rule 60

We review an order denying Rule 60 relief generally for abuse of discretion.  *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009).   We find no abuse of discretion in the district court's April 2022 Order.   Assuming *arguendo* that Kamdem-Ouaffo's January 2022 Rule 60 motion for reconsideration of the district court's March 2021 dismissal of his second amended complaint was timely filed, it fails on the merits because Kamdem-Ouaffo has not identified any new evidence or exceptional circumstances warranting relief.  *See United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391–92 (2d Cir. 2001).   To the extent that he challenges the dismissal of the case as a sanction, he was afforded sufficient process before the issuance of the order.   To the extent that he challenges the April 2022 Order under Rule 60(a) instead of Rule 60(b), he has failed to identify any clerical errors, oversights, or omissions in the district court's prior orders that would provide a basis for Rule 60(a) relief.   Fed. R. Civ. P. 60(a); *see also Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 158 (2d Cir. 2001) (per curiam).

### III.    February 2023 Order

The February 2023 Order denied Kamdem-Ouaffo's motion pursuant to Rule 59(a)(2) and Rule 60(b)(4), which the district court construed as pursuant to Rule 59(e), seeking reconsideration

4

of the April 2022 Order.   The denial of a "motion to alter or amend judgment under Rule 59(e) is reviewed for an abuse of discretion."   *See Empresa Cubana del Tabaco v. Culbro Corp.*, 541 F.3d 476, 478 (2d Cir. 2008) (per curiam) (alteration adopted) (internal quotation marks and citation omitted).   For substantially the same reasons set forth above with respect to the April 2022 Order, we likewise discern no abuse of discretion in the February 2023 Order.   In particular, Kamdem-Ouaffo did not identify any intervening change in law or a clear error warranting correction.   *See Metzler Inv. GmbH v. Chipotle Mex. Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020).   Instead, he merely reiterated arguments that the district court had previously rejected and made unsupported allegations of fraud against the district court and the defendants.

### IV.    Motion to Disqualify

"Recusal motions are committed to the sound discretion of the district court, and this Court will reverse a decision denying such a motion only for abuse of discretion."   *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007).   We again find no abuse of discretion in the district court's denial of Kamdem-Ouaffo's recusal motion and its subsequent denial of his motion to reconsider that denial.   The grounds that Kamdem-Ouaffo cited in support of his recusal motion were that the magistrate judge and the district judge were biased against him and that they were involved in a conspiracy against him, involving persons posing as attorneys from the United States Department of Justice and officers of the U.S. Marshals Service "plotting [his] kidnapping and murder, and/or [his] ambush and assassination."   7:17-cv-02810-PMH-PED, doc. 313 at 2.   The Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," *Liteky v. United States*, 510 U.S. 540, 555 (1994), and Kamdem-Ouaffo's motion has provided no basis in law or fact to support his fanciful allegations of bias.

5

\*　　　　　\*　　　　　\*

We have considered Kamdem-Ouaffo's remaining arguments and find them to be without merit.[2]　Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2]　Kamdem-Ouaffo has filed motions to submit various supplemental materials.　Because those materials do not affect our grounds for affirmance, the motions are denied as moot.　However, his motion to seal Exhibits A–E attached to his March 12, 2024 motion is granted.　Any other requests for relief in his pending motions are denied.